**Helen A. LEONARD, Appellant,**

v.

**Richard SCHWEIKER, Secretary of Health and Human Services, Appellee.**

No. 83–1364.

United States Court of Appeals, Fourth Circuit.

Argued July 21, 1983.

Decided Dec. 22, 1983.

---

G. Thompson Miller, Lexington, N.C. (Brinkley, Walser, McGirt, Miller & Smith, Lexington, N.C., on brief), for appellant.

Benjamin H. White, Jr., Asst. U.S. Atty., Greensboro, N.C. (Kenneth W. McAllister, U.S. Atty., Greensboro, N.C., on brief), for appellee.

Before RUSSELL, WIDENER and HALL, Circuit Judges.

WIDENER, Circuit Judge:

Helen A. Leonard appeals from the denial by the district court of her application for Social Security disability benefits.[1] That court affirmed the Administrative Law Judge's (ALJ) determination that she was not disabled, which had been upheld by the Appeals Council.

Mrs. Leonard, 58 years old at the time of her hearing before the ALJ, had a high school education plus three years of nurse's educational training. Before the onset of her disability, she worked for approximately 13½ years as a registered nurse at an industrial plant following many years of nursing experience in a hospital. She claims that she is totally disabled because of a back problem which causes severe pain in her lower back and legs, as well as nervous and emotional problems, and a heart problem.

At the hearing before the ALJ, Mrs. Leonard testified along with several lay witnesses. Also present was one Dr. Bruce, an internist and cardiologist, who testified as a medical adviser. After reviewing the medical evidence and hearing all of the testimony, Dr. Bruce diagnosed Mrs. Leonard as having hypertension, a hiatal hernia, chronic back syndrome and chronic anxiety neurosis. He concluded that the hypertension was controlled by medication and that the hiatal hernia was asymptomatic. He considered her back problem to be of moderate severity. He also concluded that Mrs. Leonard's psychiatric neurotic problem was very severe. Dr. Bruce concluded that while these conditions would affect Leonard's work related activity, she could still do light or sedentary work.

One Dr. White, a psychologist, testified at the hearing as a vocational expert. He concluded that Mrs. Leonard could not return to her former employment. He then enumerated her vocational skills and found

---

1. Mrs. Leonard had also applied for widow's disability benefits. She does not appeal the denial of that application.

that they were transferrable. He testified that jobs existed in the economy in which she could use those skills, such as a medical receptionist and a hospital admitting clerk.

The ALJ concluded that Mrs. Leonard suffered from impairments of her musculo-skeletal and psychic systems, with her chronic anxiety neurosis being her single most significant problem. That neurosis was found to cause Leonard to exaggerate the severity of her back problems. He found that Mrs. Leonard was unable to return to her past work but that she was able to perform light or sedentary work. He also found that her past work activities were of a skilled nature and that those skills were transferrable to a variety of sedentary jobs. He concluded that Mrs. Leonard was not disabled within the meaning of the statute.

The record contains several reports from Dr. Richard Proctor, a board certified psychiatrist who was Mrs. Leonard's treating physician.[2] He diagnosed Mrs. Leonard's mental ailments to be schizophrenia reaction, chronic undifferentiated type, and depressive neurosis with agitation and anxiety. He found that she was fairly depressed and suffering from chronic pain syndrome. He concluded that she could never return to any type of work.

The only other medical evidence in the record from an examining physician regarding Mrs. Leonard's mental condition is a report of Dr. N. Scott Craven, a board certified psychiatrist. Dr. Craven examined her at the request of the State agency handling Mrs. Leonard's disability claim. He found that she suffered from a chronic depressive disorder with obsessive compulsive features. He declined to make a determination of her adaptive abilities because

her husband was very ill at the time.[3] He noted that he would like to see her again following her husband's death.[4]

Dr. Bruce, the non-examining medical adviser, testified that Mrs. Leonard's chronic anxiety neurosis was very severe but that she was still able to perform light or sedentary work.[5] This is the only evidence in the record suggesting that despite her mental problems she was able to return to work. The ALJ relied heavily upon the testimony of Dr. Bruce in his determination that Mrs. Leonard could return to sedentary work and wholly on Dr. Bruce's testimony as to Mrs. Leonard's physical and mental condition in questioning the vocational expert.

■ The opinion of a non-examining physician cannot, by itself, however, serve as substantial evidence supporting a denial of disability when it is contradicted by all of the other evidence in the record. *Martin v. Sec. of HEW*, 492 F.2d 905 (4th Cir.1974). The *Martin* case controls here because the only medical evidence in this record indicating that Mrs. Leonard is able to work despite her mental problems comes from Dr. Bruce, the non-examining medical adviser. Dr. Proctor's reports contradict that conclusion, while Dr. Craven does not offer an opinion either way.

■ No lay or other testimony suggests that Mrs. Leonard is malingering and none except Dr. Bruce's testimony suggests that Dr. Proctor's conclusions arrived at after three years of treatment are not accurate. The lay testimony supports Mrs. Leonard's claim. We are thus of opinion she is entitled to benefits.

The judgment of the district court must be vacated and the case remanded for fur-

2. Dr. Proctor, a psychiatrist, was a professor of medicine at Bowman Gray School of Medicine and Chairman of the Department of Psychiatry and Behavioral Medicine. He had seen Mrs. Leonard on a monthly basis since 1978.

3. Her husband was critically ill at the time with chronic emphysema. He died one month after Dr. Craven's report and three months before Dr. Proctor concluded that Mrs. Leonard could never return to any type of work.

4. The record contains no evidence of a follow-up visit to Dr. Craven.

5. Dr. Bruce was board certified in internal medicine and cardiovascular disease and was an assistant professor at the University of North Carolina.

ther remand to the Secretary to compute and award benefits. *Martin*, p. 910.

VACATED AND REMANDED WITH INSTRUCTIONS.

DONALD RUSSELL, J., dissents. He is of opinion the decision of the Secretary is supported by substantial evidence.