Stewart FIELDS, Plaintiff,

v.

Donna E. SHALALA, Secretary of Health and Human Services, Defendant.

No. 92–147–CIV–7–BR.

United States District Court, E.D. North Carolina, Wilmington Division.

July 12, 1993.

---

Kathleen S. Glancy, Wilmington, NC, for plaintiff.

Barbara D. Kocher, U.S. Attorney's Office, Raleigh, NC, for defendant.

## ORDER

BRITT, District Judge.

Before the court is plaintiff Stewart Fields's motion under 42 U.S.C. § 405(g) to reverse the Secretary's decision to deny him social security disability benefits. Defendant responded with a motion for judgment on the pleadings. The transcript of record and memoranda of both parties have been reviewed by this court and the matter is now ripe for ruling.

## I. FACTS

Plaintiff Stewart Fields applied for social security disability benefits on 18 October 1990, basing his claim on back and shoulder pain. He alleged an onset date of 18 September 1990. The application was denied both initially and on reconsideration. A hearing was held on 19 July 1991 before an Administrative Law Judge ("ALJ") who found that plaintiff retained the ability to perform a "wide range of light work" and was "not disabled." R. 13. On 28 August 1992, the Appeals Council denied plaintiff's request for review and stipulated that the decision of the ALJ stood as the final decision of the Secretary. Pursuant to 42 U.S.C. § 405(g), plaintiff then filed a complaint with this court seeking reversal of the Secretary's decision.

Plaintiff contends that the ALJ improperly discounted the opinion of Dr. Philip Van Campen, a chiropractor, and that the ALJ's conclusion that plaintiff suffers only exertional impairments is not supported by substantial evidence.

## II. DISCUSSION

The court is precluded from conducting a *de novo* review of the evidence. *Smith v. Schweiker,* 795 F.2d 343, 345 (4th Cir. 1986); *Blalock v. Richardson,* 483 F.2d 773, 775 (4th Cir.1972). The court's scope of review is limited to determining whether the Secretary's decision is supported by substantial evidence and whether the ultimate conclusions reached by the Secretary are legally correct under controlling law. *Richardson v.*

*Perales,* 402 U.S. 389, 390, 91 S.Ct. 1420, 1422, 28 L.Ed.2d 842 (1971); *Hays v. Sullivan,* 907 F.2d 1453, 1456 (4th Cir.1990). Evidence is "substantial" if a reasonable mind would accept it as sufficient to support a particular conclusion. *Shively v. Heckler,* 739 F.2d 987, 989 (4th Cir.1984); *Laws v. Celebrezze,* 368 F.2d 640, 642 (4th Cir.1966).

Dr. Donald Getz, an orthopedic surgeon, examined plaintiff's right shoulder and back on 28 November 1990. Although X-rays of the shoulder were normal, the examination revealed "subacromial tenderness with decreased abduction to about 90 degrees." Forward extension and internal and external rotation of both shoulders were limited. Dr. Getz noted that these findings were consistent with subacromial bursitis. An X-ray of plaintiff's back revealed disc narrowing, and further examination revealed muscle spasms and decreased range of motion. Dr. Getz diagnosed chronic lumbosacral arthritis, but concluded that plaintiff was impaired only in his ability to lift. R. 126, 127.

Plaintiff also had been treated by Dr. Philip Van Campen, a chiropractor, since 1987. The record contains a report from Dr. Van Campen, dated 12 November 1990, in which Dr. Van Campen noted lower back pain, neck pain, and a sensory deficit due to lower back pain. He diagnosed chronic lumbar strain/sprain syndrome and prescribed a course of spinal manipulation and physical therapy. Finally, he indicated that plaintiff's ability to sit, stand, move about, lift, and carry were impaired. R. 123, 124. Dr. Van Campen also submitted a review of his treatment of plaintiff and the following assessment: "In my opinion, he is unable to sit or stand more than thirty minutes to an hour without incurring an exacerbation of his chronic lower back pain; bending, twisting, walking, and riding will all induce pain and incapacitate him for an indeterminate period of time." R. 129–130.

The ALJ discounted the opinion of Dr. Van Campen because he is not a "medical source" under 20 C.F.R. § 404.1513(a) and because his statement did not "agree" with plaintiff's account of lifting 25 pound bags of chicken feed. R. 11. While it is true that Dr. Van Campen's opinion is not an "acceptable medi-

cal opinion," chiropractors are specifically listed as "acceptable" sources of information about the functional effects of impairments. 20 C.F.R. §§ 404.1513(e), 416.913(e). In addition, plaintiff testified only to lifting a 25 pound bag of chicken feed once every seven days, or sometimes a 50 pound bag once every fourteen days. These activities are not indicative, in themselves, of an ability to lift 25 to 50 pound weights "as necessary," as characterized by the ALJ. R. 10. Finally, the overwhelming bulk of plaintiff's testimony supports Dr. Van Campen's assessment. The ALJ may not totally discount an "acceptable" source of information solely on the basis of one contradiction in the evidence, especially to the disregard of substantial evidence to the contrary. *See Klug v. Weinberger,* 514 F.2d 423, 427 (8th Cir.1975); *Thomas v. Celebrezze,* 331 F.2d 541, 543 (4th Cir.1964). There remains, of course, the contradiction between the assessments of Dr. Getz and Dr. Van Campen, and it is without question the duty and prerogative of the ALJ to resolve such conflicts in the evidence. *Hays v. Sullivan,* 907 F.2d at 1456. The ALJ may, on remand, find Dr. Van Campen's assessment to be the less credible, but it is incumbent upon him to indicate explicitly the weight accorded to each part of the record. *See Gordon v. Schweiker,* 725 F.2d 231, 235 (4th Cir.1984). Plaintiff is entitled to have his claim remanded for proper evaluation of Dr. Van Campen's opinion.

In the fifth step of the sequential evaluation process, to reach a finding of "not disabled" the Secretary bears the burden of proving that jobs that the claimant can perform exist in the economy in significant numbers. Further, when a claimant suffers from both exertional and nonexertional impairments, the Medical–Vocational Guidelines in Appendix 2 to Subpart P of 20 C.F.R. Part 404 ("the Grids") are not conclusive. In other words, if a claimant's impairments are both exertional and nonexertional, the Grids alone cannot support a finding that the claimant is "not disabled." 20 C.F.R. § 404.-1569a(d). The Secretary must use the testimony of a vocational expert to meet her burden. *Walker v. Bowen,* 889 F.2d 47, 49 (4th Cir.1989). Plaintiff contends that his

impairments are both exertional and nonexertional and that, by failing to call in a vocational expert, the Secretary has not met her burden.

In the ALJ's brief decision, only three paragraphs refer to the evidence before him. None pertains to his apparent conclusion, R. 12, that plaintiff suffers only exertional impairments. Nonexertional impairments include difficulty performing "postural functions" such as stooping, crouching, or crawling. 20 C.F.R. § 404.1569a(c). The record contains considerable evidence to suggest that plaintiff suffers from nonexertional impairments. There is, for example, plaintiff's uncontradicted account of difficulty in bending. R. 40. While the ALJ may determine that this testimony is not credible, he has not done so. The ALJ did not indicate the evidentiary basis for his apparent conclusion that plaintiff's impairments are exertional, nor did he explain his reasoning. Further, he did not indicate the relative weight given to the various parts of the record and he made no finding as to plaintiff's credibility. The record must be more clearly developed on this point and the ALJ must be explicit in his findings before the court can hold that substantial evidence supports the Secretary's decision.

### III. CONCLUSION

The ALJ improperly discounted the opinion of Dr. Van Campen, plaintiff's chiropractor. Furthermore, plaintiff is entitled to a more thorough review of available evidence and a specific finding as to whether he suffers nonexertional impairments. If he does suffer nonexertional impairments, then the Secretary must use a vocational expert to prove that there exists in the national economy a sufficient number of jobs for which plaintiff is qualified. Accordingly, the decision of the ALJ is VACATED and this case is REMANDED.